Clellan, Mayor, etc. J. Gruenberg, for appellant. T. Connoly, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

---

**PEOPLE ex rel. JAMES et al. v. CRANDALL**, Highway Com'r. (Supreme Court, Appellate Division, Fourth Department. July 6, 1904.) Proceedings by the people of the state of New York, on the relation of John James and Milton M. Turner, against Frank Crandall, as sole commissioner of highways of the town of Cameron. No opinion. Writ of certiorari sustained, and action of highway commissioner annulled, with $25 costs.

---

**PEOPLE ex rel. LANGDON, Appellant, v. GREENE, Com'r, Respondent.** (Supreme Court, Appellate Division, First Department. July 13, 1904.) Proceedings by the people of the state of New York, on the relation of Martin Langdon, against Francis V. Greene, as commissioner. W. S. Gordon, for appellant. T. Farley, for respondent. No opinion. Writ dismissed, and proceedings affirmed, with costs.

---

**PEOPLE ex rel. NEW YORK CENT. & H. R. R. CO. et al. v. BOARD OF RAILROAD COM'RS, et al.** (Supreme Court, Appellate Division, Third Department. September 20, 1904.) Proceedings by the people of the state of New York, upon the relation of the New York Central & Hudson River Railroad Company and others, against the board of railroad commissioners of the state of New York and others. No opinion. That part of motion asking for leave to intervene granted. Remainder denied.

---

**PEOPLE ex rel. MARKS, Respondent, v. WELLS et al., Appellants.** (Supreme Court, Appellate Division, First Department. July 13, 1904.) Proceedings by the people of the state of New York, on the relation of Frederick W. Marks, against James L. Wells and others. G. S. Coleman, for appellants. A. L. Guiterman, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

---

**PEOPLE ex rel. PARSLOE v. ERLANGER.** (Supreme Court, Appellate Division, First Department. June 29, 1904.) Proceedings by the people of the state of New York, on the relation of Charles Parsloe, against Mitchell L. Erlanger. No opinion. Motion granted, with $10 costs.

---

**PEOPLE ex rel. UVALDE ASPHALT PAV. CO., Respondent, v. LITTLETON et al., Appellants.** (Supreme Court, Appellate Division, Second Department. September 29, 1904.) Proceedings by the people of the state of New York, on the relation of the Uvalde Asphalt Paving Company, against Martin W. Littleton, as president of the borough of Brooklyn, and George W. Tillson, as chief engineer of the bureau of highways, borough of Brooklyn. No opinion. Appeal withdrawn.

---

**PORTER, Respondent, v. MAGNETIC SEPARATOR CO., Appellant.** (Supreme Court, Appellate Division, First Department. June 24, 1904.) Action by Alexander T. Porter against the Magnetic Separator Company. H. D. Merchant, for appellant. M. Fitzgerald, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

---

**PRESS, Appellant, v. FEUCHTWANGER, Respondent.** (Supreme Court, Appellate Division, First Department. July 13, 1904.) Action by T. Channon Press against Abraham H. Feuchtwanger. J. A. Hodge, for appellant. C. H. Friedrich, for respondent. No opinion. Judgment affirmed, with costs.

---

In re **QUARRY ROAD.** (Supreme Court, Appellate Division, First Department. June 29, 1904.) In the matter of the Quarry Road. J. Dunn, for appellant. Joseph Flannery, for respondent. No opinion. Order affirmed, with costs.

---

**RANDALL v. HOLBROOK, CABOT, ETC., CO.** (Supreme Court, Appellate Division, First Department. June 24, 1904.) Action by Martin H. Randall, as administrator, against the Holbrook, Cabot, etc., Company. No opinion. Motion denied, with $10 costs.

---

**RAY v. UNITED TRACTION CO.** (Supreme Court, Appellate Division, Third Department. September 20, 1904.) Action by Mary A. Ray against the United Traction Company. No opinion. Motion denied.

---

**RICKETTS, Respondent, v. RAMSDELL et al., Appellants.** (Supreme Court, Appellate Division, Second Department. September 29, 1904.) Action by Mary J. Ricketts against Henry Powell Ramsdell, James A. P. Ramsdell, and Homer S. Ramsdell, individually and as executors, etc.

**PER CURIAM.** We think the circumstances connected with the acceptance of the juror whose impartiality is in question in these proceedings were such as to require the granting of the motion for a new trial in the interests of justice. The order denying such motion should therefore be reversed, but upon payment by the appellants of the costs of the trial within 20 days from the entry of this order. Order reversed on the condition named, and new trial granted; costs to abide the event. On the failure of the appellants to comply with the condition, order affirmed, with costs.

HOOKER, J., dissents.

---

**ROCHESTER TRUST & SAFE DEPOSIT CO. v. TRUESDALE.** (Supreme Court, Appellate Division, Fourth Department. September 27, 1904.) Action by the Rochester Trust & Safe Deposit Company, as administrator, etc., against George Truesdale. No opinion. Motion for reargument denied, with $10 costs.

---

**ROCKET et al., Respondents, v. DOUGLAS, Appellant.** (Supreme Court, Appellate Division, Second Department. July 28, 1904.)

Action by Edward Rocket and Stephen Brown against Hugh Douglas. No opinion. Judgment and order unanimously affirmed, with costs.

———

ROE, Respondent, v. SMITH et al., Appellants. (Supreme Court, Appellate Division, Second Department. September 29, 1904.) Action by George M. Roe against Harry B. Smith and Charles P. Smith, as executors, etc., of Charles P. Smith, deceased.

PER CURIAM. Judgment affirmed, with costs, on the opinion of Mr. Justice Gaynor at Special Term, 85 N. Y. Supp. 527.

———

ROGERS et al. v. INGERSOLL et al. (Supreme Court, Appellate Division, First Department. June 29, 1904.) Action by John Z. Rogers, impleaded, against Robert H. Ingersoll and another. No opinion. Unless appellant pays $50 in 10 days, appeal dismissed.

———

ROSENFELD v. LANCASHIRE INS. CO. et al. (Supreme Court, Appellate Division, Fourth Department. July 6, 1904.) Action by Mortimer C. Rosenfeld against the Lancashire Insurance Company and 19 other defendant companies.

PER CURIAM. Motion to correct decision of this court denied, without costs. Held that, the order made by the trial court denying the motions for new trials upon the ground of newly discovered evidence having been reversed by this court, said order, so denying said motions, did not furnish the basis for taxing costs upon such denial; but the rights of the parties should be taken care of in proceedings for taxation or retaxation of costs, and not by motion here made.

———

SAMMONS, Appellant, v. CITY OF GLOVERSVILLE, Respondent. (Supreme Court, Appellate Division, Third Department. June 30, 1904.) Action by Sampson Sammons against the city of Gloversville.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on opinion in Sponenburg v. City of Gloversville, 89 N. Y. Supp. 19.

PARKER, P. J., dissents.

———

SAXE, Appellant, v. OGDEN et al., Respondents. (Supreme Court, Appellate Division, Second Department. July 28, 1904.) Action by Sigmund Saxe against Kate T. Ogden and Alfred Ogden. No opinion. Judgment modified, by striking out the words "upon the merits," and, as thus modified, affirmed, without costs.

———

SCHAGHTICOKE POWDER CO. et al. v. GREENWICH & J. RY. CO. et al. (Supreme Court, Appellate Division, Third Department. June 30, 1904.) Action by the Schaghticoke Powder Company and another against the Greenwich & Johnsonville Railway Company and another. No opinion. Judgment unanimously affirmed, with costs.

———

SCHMIDT, Respondent, v. RESNICK, Appellant. (Supreme Court, Appellate Division, Second Department. July 28, 1904.) Action by Louise Schmidt against Max Resnick. No opinion. Judgment of the Municipal Court affirmed, with costs.

———

SCHOEBEL, Respondent, v. AMERICAN KNIT GOODS MFG. CO., Appellant. (Supreme Court, Appellate Division, Second Department. July 28, 1904.) Action by Walter Schoebel against the American Knit Goods Manufacturing Company. No opinion. Judgment of the Municipal Court affirmed, with costs.

———

SCOTT v. TICONDEROGA PULP & PAPER CO. (Supreme Court, Appellate Division, Third Department. September 20, 1904.) Action by John J. Scott against the Ticonderoga Pulp & Paper Company. No opinion. Motion granted, with $10 costs.

———

SCUDDER, Respondent, v. INTERURBAN ST. RY. CO., Appellant. (Supreme Court, Appellate Division, First Department. July 13, 1904.) Action by Frank S. Scudder against the Interurban Street Railway Company. From a judgment of the Appellate Term, affirming a judgment of the Municipal Court in favor of plaintiff, defendant appeals. Affirmed. Paul D. Cravath, for appellant. Harcourt Bull, for respondent.

HATCH, J. The question which I regarded as controlling the decision in Topham v. This Defendant (decided herewith) 89 N. Y. Supp. 298, is not presented by the present record. The lease made in this case shows it to have been subsequent to May 1, 1891, and it is not claimed that there were any other leases made of the Third Avenue Railroad or the Metropolitan Street Railway Company prior thereto. Consequently such question is not involved. Neither does the pleading nor the proof in this case raise the question of compliance with section 104 of the railroad law (Laws 1892, p. 1406, c. 676), by showing that suitable regulations were made for the issuance of transfers in the promotion of the public convenience, as is expressed in the Topham Case. It follows, therefore, that the determination of the Appellate Term should be affirmed, with costs.

PATTERSON and LAUGHLIN, JJ., concur.

INGRAHAM, J. (dissenting). My views of the construction to be given to section 103 of the railroad law (chapter 676, p. 1406, Laws 1892) are indicated in the case of Topham v. Interurban Street Railway Co. (decided herewith) 89 N. Y. Supp. 298; and, if I am correct, this judgment must be reversed. The complaint alleges that the Metropolitan Street Railway Company had, for one year prior to April 8, 1902, controlled and operated several lines of street surface railroads in the city of New York; that one of the said lines had been, on the 8th day of April, 1900, leased to the said Metropolitan Street Railway Company by the Third Avenue Railroad Company; that at the time of such lease the other lines of railway, which included the Amsterdam Avenue line, were controlled and operated by the Metropolitan Street Railway Company; that on